(No. 1607—)

LETHIA V. DERBY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

HAROLD W. LEWIS, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is asking $10,000.00 damages for injuries she alleges sustained in a collission between a bus in which she was riding as a passenger and a truck being driven by an employee of the State. The collision occurred April 11, 1929, on West Locust Street, in the City of Quincy, about 9:00 o'clock in the morning. The bus belonged to the Illinois Power and Light Company and the truck was one used at the Illinois Soldiers' and Sailors' Home at Quincy, and was being driven by Chester King, an employee at the Home. It is alleged that the collision was caused by the negligence of the driver of the truck and that her injuries were the direct result of the negligence and want of care of Chester King while employed by the State.

In her argument claimant assumes that the State stands in the same position as an individual or a corporation, and is liable for all damages caused by the negligence of its agents or employees. In this, claimant is in error. The rule is universal that the State is never liable for the negligence of its agents and employees unless there is a statute making it so liable. This rule has been so often announced by this and other courts that it would seem it should now be well known. The following are but a few of the many cases announcing the rule. (*United States* vs. *Kirkpatrick*, 9 Wheaton, 720; *Story on Agency*, 9 Ed. Sec. 319; *Belt* vs. *State*, 1 Ct. Cl. 266; *Johnson* vs. *State*, 2 Ct. Cl. 165; *Schroeder* vs. *State*, 3 Ct. Cl.

36; *Wunderlick Granite Co.* vs. *State,* 4 Ct. Cl. 143; *Janeczko* vs. *State,* 5 Ct. Cl. 244; *McGarrah* vs. *State,* 6 Ct. Cl. 468; *Kinnare* vs. *City of Chicago,* 171 Ill. 332.) Unless a claimant can show a legal or equitable liability of the State of pay the claim filed the court has no power to make an award. In *Johnson* vs. *State, supra,* it was said: ''The Commission of Claims is not a bureau of charities, but a court, and under the law creating it must determine all claims in accordance with legal principles.'' As there is no statute in this State making the State liable for the negligence of its employees it follows claimant is not entitled to an award against the State for her alleged injuries. The claim is therefore denied and the case dismissed.